UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **ANTHONY D. OATIS** | **CIVIL ACTION NO. 3:15-cv-2384** |
| **LA. DOC #494984** | |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **STATE OF LOUISIANA** | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Anthony D. Oatis, an inmate in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on September 17, 2015.  Petitioner attacks his October 20, 2014, conviction for manslaughter and the hard labor sentence imposed by the Fifth Judicial District Court, Richland Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE.**

*Statement of the Case*

Petitioner was originally charged with first degree murder and conspiracy to commit first degree murder. On October 20, 2014, he entered into a plea agreement and pled guilty to manslaughter. An agreed upon sentence of 21 years was imposed. In accordance with the agreement the conspiracy charge was dismissed and the State agreed to refrain from prosecuting petitioner as an habitual offender. He did not appeal.[1] On June 30, 2015, he filed a *pro se*

---

[1] Under Louisiana law, by virtue of his plea, he waived his right to appeal all non-jurisdictional defects in the proceedings. *See State v. Crosby*, 338 So.2d 584 (La. 1976). Further, since an agreed upon sentence was imposed, he was statutorily prohibited from seeking review of

application for post-conviction relief in the Fifth Judicial District Court. He raised three claims for relief: (1) insufficiency of the evidence; (2) ineffective assistance of counsel based on counsel's failure to investigate an alibi defense; and (3) vindictive prosecution based upon the "reinstitution of the charges." On July 24, 2015, the trial court denied post-conviction relief and provided written reasons for judgment. [See Doc. 4-2, pp. 13-17] It does not appear that petitioner sought review of this judgment in either the Louisiana Second Circuit Court of Appeal or the Louisiana Supreme Court. Instead, on September 17, 2015, he filed the instant petition for writ of *habeas corpus* raising the three claims for relief raised in the post-conviction proceeding.

*Law and Analysis*

The federal *habeas corpus* statute and decades of federal jurisprudence require a petitioner seeking federal *habeas corpus* relief to exhaust all available state court remedies prior to filing his federal petition. 28 U.S.C. § 2254(b)(1)(A)[2]; *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Minor v. Lucas*, 697 F.2d 697 (5th Cir.1983); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir.1999); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir.1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir.1998).

In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of his federal constitutional claims to the state courts in a "procedurally proper

---

his sentence. See La. C.Cr.P. art. 881.2(A)(2), "The defendant cannot appeal or seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea."

[2] Title 28 U.S.C. §2254(b)(1) provides, "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."

manner." *Wilder v. Cockrell*, 274 F.3d 255, 259 (5 Cir.2001); *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir.1998) citing *Richardson v. Procunier*, 762 F.2d 429, 431-32 (5th Cir.1985); *Mercadel*, 179 F.3d at 275 citing *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir.1988); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983); *Deter v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).

Moreover, each claim must be presented to the state's highest court, even when review by that court is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Magouirk*, 144 F.3d at 360 citing *Richardson*, 762 F.2d at 431-32. In Louisiana, the highest court is the Louisiana Supreme Court. *See* LSA – Const. Art. 5, §5(a) ("The Supreme Court has general supervisory jurisdiction over all other courts...")

Thus, in order for a Louisiana prisoner to have exhausted his state court remedies, he must have fairly presented the substance of his federal constitutional claims to the Louisiana Supreme Court in a procedurally correct manner. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998).

Petitioner presented his claims to the Fifth Judicial District Court; however, when that Court denied relief, he did not seek further review in the Second Circuit Court of Appeal and thereafter in the Louisiana Supreme Court. In other words, petitioner did not properly exhaust any of his current *habeas corpus* claims by presenting them in a proper manner to the Louisiana Supreme Court.  State Court remedies remain unexhausted. Further, petitioner has not, nor can he show, that there is an absence of available State corrective process.

*3. Stay and Abeyance*

*Habeas* petitions presenting unexhausted claims must ordinarily be dismissed, *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); however, under certain limited circumstances, petitions raising unexhausted claims may be stayed so that the petitioner can return to state court to exhaust state remedies. *Rhines v. Weber*, 544 U.S. 269, 125 S.Ct. 1528, 161 L.Ed.2d 440 (2005). Stays are designed to ensure that state *habeas* petitioners do not run afoul of the limitations period and the prohibition against successive petitions codified by the AEDPA.[3] As stated in *Rhines*, however:

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless. *Cf.* 28 U.S.C. § 2254(b)(2) ('An application for a writ of *habeas corpus* may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State').

*Rhines*, 544 U.S. at 277, 125 S.Ct. at 1535.

Based on the record currently before the Court, it appears that a stay is not appropriate because the instant petition, unlike the petition in *Rhines*, is not a "mixed petition" containing some exhausted claims and some claims that were not exhausted. State Court remedies remain unexhausted as to **ALL** of petitioner's claims. Further, petitioner has not shown good cause for failing to exhaust state court remedies prior to filing this suit. Finally, in light of the fact that

---

[3] See 28 U.S.C. §2244(b)(3) which outlines the procedures for filing second and successive *habeas* petitions; see Section 2244(d) which imposes a 1-year period of limitations for filing *habeas corpus* petitions in the Federal courts.

petitioner entered a guilty plea, it does not appear that petitioner's claims have any merit.

*Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED** that this petition for *habeas corpus* be **DISMISSED WITHOUT PREJUDICE**  because petitioner has failed to exhaust available State court remedies.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties  may file a memorandum**

**setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, October 20, 2015.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE